U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

FEB 2 9 2016

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ZARAK O. ALI,

Plaintiff(s)

Civil Case No.: 1:16-CV-241
TJM /CFH

-against-

THE CITY OF ALBANY,
NY STATE POLICE
TROOPER BRIAN D GREGOIRE,
TROOPER DAVID S. NOTARINO,
SERGEANT JOHN DOE, (said names being
fictitious, the intent of Plaintiff being to Designate
all police officers involved or present at the scene
of the incident, and "Other Police Officers Unknown"),

Respondents(s)

------------------------------------------------------------X

COMPLAINT

## NATURE OF ACTION AND JURISDICTION

1.  This is a civil action under 42 U.S.C § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States; profiling Plaintiff based on his color and race; retaliating against Plaintiff for his exercise of constitutionally protected speech; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2.  This action is brought pursuant to 42 U.S.C.Sections 1981, 1983, 1985 & 1988, and the Fourth, Fifth, Sixth & Fourteenth Amendments to the Constitution of the United States.

3.  Plaintiff evokes the jurisdiction of this court pursuant to Title 28 U.S.C. sections 1331, 1343 & 1367.

4.  Venue is appropriate in this district pursuant to Title 28 U.S.C. section 1391 because the event(s) that give rise to this complaint occurred within the jurisdiction boundaries of this court.

## PARTIES

5.  Plaintiff ZARAK O. ALI (hereinafter "Plaintiff") was a resident of City of Albany of New York State at all times relevant to the incidents which are subject of this action. Plaintiff presently resides at 29 Maiden Lane, Apt. 401, Albany, NY 12207.

6. Defendant, Trooper **BRIAN D. GREGOIRE** (hereinafter "TPR GREGOIRE") at all times relevant to the facts herein this complaint was a police trooper acting in such capacity as the agent, servant and employee, employed by Defendant **NY STATE POLICE** and is being sued in his individual & official capacity.

7. Defendant, Trooper **DAVID S. NOTARINO** (hereinafter "TPR NOTARINO") at all times relevant to the facts herein this complaint was a police officer acting in such capacity as the agent, servant and employee, employed by Defendant **NY STATE POLICE** and is being sued in his individual & official capacity.

8. Defendant, Sergeant **JOHN DOE** (hereinafter "SGT DOE") at all times relevant to the facts herein this complaint was a police officer with the rank of "Sergeant" acting in such capacity as the agent, servant and employee, employed by Defendant **NY STATE POLICE** and is being sued in his individual & official capacity.

9. Defendants, City of Albany (hereinafter "City") and Albany County District Attorney(hereinafter DA) being sued as a person, is a municipal corporation operating within the State of New York that is; directly or indirectly responsible for employing, training, supervising, compensating & enriching or rewarding defendants troopers for his actions against plaintiff.

## INCIDENTS AT ISSUE

10. That on or about March 2, 2012, at approximately 3:00 AM, Plaintiff was operating a motor vehicle along New York interstate highway, particularly along I-787. A marked New York State Police patrol car put on its siren and directed him to pull the car over. That without hesitation and/or delay, Plaintiff pulled the car over as directed

11. That two troopers that Plaintiff later identified as defendants **TPR GREGORY** and **TPR NOTARINO** approached him and asked the Plaintiff to exit his car.

12. That Plaintiff politely and humbly asked if he was under arrest.

13. That defendants **TPR GREGORY** and **TPR NOTARINO** responded and said "NO".

14. That Plaintiff again, in a polite manner, asked for the reason why he should have to exit his vehicle when he was not under arrest.

15. That defendants **TPR GREGORY** and **TPR NOTARINO** suddenly reacted in an unusual manner and said "we will perform field sobriety tests on you". However, defendants **TPR GREGORY** and **TPR NOTARINO** insisted that Plaintiff should exit his vehicle.

16. That Plaintiff informed defendants **TPR GREGORY** and **TPR NOTARINO**, in a sincere and polite manner, that he's having a lower back injury and could not perform the walk and turn and/or one legged stand. However, Plaintiff informed defendants **TPR GREGORY** and **TPR NOTARINO** that he would prefer to take portable breath test.

17. That defendants **TPR GREGORY** and **TPR NOTARINO** said and insisted with aggressive voice and attitude that they would not allow Plaintiff to take the portable breath test.

18. That Plaintiff further told defendants **TPR GREGORY** and **TPR NOTARINO** in a sincere and polite manner that he would like to be represented by an attorney at this junction. Plaintiff, therefore, said that he should be excused because he will be calling his attorney.

19. That Plaintiff did call his attorney and while calling his attorney, he rolled up his car's window for clarity conversation purpose.

20. That while Plaintiff was on the phone speaking with his attorney, defendant **SGT DOE** arrived at the scene. Upon information and belief, defendant **SGT DOE** passed instruction and based upon the instruction, defendant **TPR GREGORY** acted and broke Plaintiff's car window.

21. That defendants **TPR GREGORY** forcefully and aggressively struck the phone out of Plaintiff's hand and with the same force and aggression pulled Plaintiff out of his car.

22. That the defendants further forcefully and aggressively laid their hands upon Plaintiff. With the same full force and aggression, the defendants pulled Plaintiff hands towards his back and placed handcuffs on him. Moreover, with the same full force and aggression, the defendants closed the handcuffs tightly upon Plaintiff's wrist with the intent of making Plaintiff to suffer severe pains which did happen.

23. That the defendants forcefully and aggressively placed Plaintiff face on the ground and with the same force and aggression, someone, **JOHN DOE #1**, came from behind and lifted Plaintiff's head up by his hair and with the same force and aggression, slammed Plaintiff's forehead into the ground.

24. That Plaintiff was physically struck passed out and became unconscious.

25. That when he became conscious, Plaintiff found himself to be at the back of the car and blood was in his eye. That Plaintiff was unable to see anything because of that.

26. That despite the injury suffered by Plaintiff, defendants still requested that Plaintiff should take a breathalyzer.

27. That Plaintiff requested that he needed medical treatment.

28. That it was only after Plaintiff's request for medical treatment that he was actually taken to the hospital for treatment and granted permission to speak to his attorney.

29. That Plaintiff remained under the custody of the defendants before during and after being taken to the hospital.

30. That Plaintiff was brought back from the hospital into the defendants custody at New York State Police Department, Troop G Station, 760 Troy Schenectady Rd, Latham, NY 12110.

31. That Plaintiff was wrongfully and maliciously accused and charged by the defendants for Driving While Intoxicated in violation of Vehicle and Traffic Law Section 1192(3), obstructing governmental administration in the second degree in violation of Penal Law section 195.05, resisting arrest in violation of Penal Law section 205.30, and no/inadequate headlamp in violation of Vehicle and Traffic Law Section 375(2)(a)(1).

32. That Plaintiff was taken to the court at Albany City Court, Criminal part where he was arraigned on the above stated charges.

33. That the defendants failed to further the prosecution because, upon information and belief, they cannot prove the charges and they know that they cannot prove the charges.

34. That Plaintiff was ready and requested for trial for approximately over two years but defendants repeatedly engaged in delay tactics.

35. That on or about October 26, 2015, upon the motion by the Plaintiff, the entire criminal charges were dismissed in favor of the Plaintiff for failure to prosecute.

36. That at all times heretofore and in all the actions described herein, defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **Doe #1** were individually and collectively involved in the incident of false arrest, false imprisonment and false prosecution of the Plaintiff as described

above and they acted under the color of law and pursuant to their authority as law enforcement officers.

37. That the defendants agreed, conspired and acted together unlawfully, illegally, willfully, intentionally and purposefully subjected the plaintiff to a degrading public view, public humiliation, embarrassment, discomfort, emotional distress, pains, and suffering, vindictively and maliciously, because plaintiff was exercising his rights and privileges under the law and constitution of the State of New York and United States by calling his attorney and refusal to exit the car after being told that he was not under arrest which will constitute that he consented to his own arrest and deprivation of his liberty.

38. The acts of defendant were done intentionally to deprive the plaintiff of right to be secure in his person to freedom from arrest, except on probable cause, supported by oath or affirmation secured to him by the Fourth and Fourteenth Amendments to the constitution of the United States, and his right to be accorded the equal protection of the laws, as guaranteed to him under the fourteenth amendment to the Constitution of the United States.

39. As a direct and proximate result for the aforesaid acts of the defendants and each of them, plaintiff was subjected to deprivations of his right, privileges, and immunities secured under the constitution and laws of the United States and the State of New York, suffered deprivations of his personal liberty, invasions of his privacy, denied a fair trial, and violation of his civil rights, has suffered irreparably and will continue to suffer irreparably from psychological harm, mental distress, humiliation, embarrassment, fear and defamation of his character and reputation, was prevented from attending to his duties, law school and long period of prosecution anxiety.

40. Each Defendants, individually and in concert with others, acted willfully, knowingly, intentionally, and with specific intent and deprived Plaintiff right to freedom from unlawful arrest, unlawful imprisonment, malicious prosecution, excessive and unusual punishment and impermissible racial discrimination, all which rights are secured to Plaintiff by the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of United states, and his rights to be accorded the equal protection of law, and under 42 U.S.C. § 1983.

## CAUSES OF ACTION

### COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FIRST AND FOURTEENTH AMENDMENT

41. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to freedom of speech under the First and Fourteenth Amendments, the individual Defendants are liable from violation of 42 USC § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution. The individual defendants have violated Plaintiff's First Amendment rights to free speech by unlawfully striking his phone out of his hand while he was calling and speaking to his attorney; subjecting him to false arrest and illegal excessive force; maliciously prosecuting him to deter the exercise of his First Amendment rights. Defendants' actions were taken in retaliation for Plaintiff exercising his First Amendment rights.

43. As a consequence of the individual Defendants' actions, Plaintiff have suffered violations of his First and Fourteenth Amendment rights to free speech. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants done for the purpose of silencing, limiting and preventing his First Amendment protected activities.

44. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 2: VIOLATIONS OF 42 U.S.C. § 1983: FIFTH AND FOURTEENTH AMENDMENTS

45. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 44 above with the same force and effect as if herein set forth.

46. By their conduct, as described herein, and acting under color of state law, in arresting Plaintiff, Defendants verbally abusing Plaintiff, and in physically assaulting Plaintiff were racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions , Defendants are liable for violation of 42 USC § 1983 which prohibits the deprivation under the color of state law of rights secured under the United States Constitution.

47. As a consequence of the individual Defendants' actions, Plaintiff suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants.

48. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 3: VIOLATIONS OF 42 U.S.C. § 1983: FOURTH AND FOURTEENTH AMENDMENTS

49. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 48 above with the same force and effect as if herein set forth.

50. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable from violation of 42 USC 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

51. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 4: VIOLATIONS OF 42 U.S.C. § 1983: FOURTH AND FOURTEENTH AMENDMENTS

52. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 51 above with the same force and effect as if herein set forth.

53. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from excessive force in the course of arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable from violation of 42 USC § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

54. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 5: <u>VIOLATIONS OF 42 U.S.C. § 1983: FOURTH AND FOURTEENTH AMENDMENTS</u>

55. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 54 above with the same force and effect as if herein set forth.

56. By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 USC § 1983 for violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

57. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendants continued with the prosecutions, which were resolved in Plaintiff's favor.

58. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 6: <u>VIOLATIONS OF 42 U.S.C. § 1983: FOURTH AND FOURTEENTH AMENDMENTS</u>

59. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 58 above with the same force and effect as if herein set forth.

60. By their conduct, as described herein, and acting under color of state law, Defendants are liable to Plaintiff under 42 USC § 1983 for violation of his constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

61. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 7: <u>MONELL CLAIM</u>

62. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 61 above with the same force and effect as if herein set forth.

63. At all times relevant herein, Defendant City of Albany, and the NY State Police, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights which caused the violation of such rights.

64. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

65. The constitutional abuses and violations by Defendant City of Albany, through the actions of its Police Department and Defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **DOE #1**, were and are directly and proximately caused by policies and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of Albany and NY State Police, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, and, instead, acts of misconduct were tolerated by the City of Albany.

66. Upon information and belief, Defendant City of Albany has, acting through the NY State Police, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs of unlawfully interfering with and/or arresting. without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

67. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

68. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiffs. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

69. Plaintiff have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused constitutional abuses.

## COUNT 8: ARTICLE I, SECTION 11 OF NEW YORK STATE CONSTITUTION

70. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

71. By their conduct, as described herein, and acting under color of state law, arresting Plaintiff and in physically assaulting Plaintiff were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his Constitutional rights to equal protection as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

72. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 9: ARTICLE I, SECTION 12 OF NEW YORK STATE CONSTITUTION

73. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 69 above with the same force and effect as if herein set forth.

74. By their conduct, as described herein, and acting under color of state law, in subjecting Plaintiff to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiff were done without reasonable suspicion or probable cause and were designed, and did cause, specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

75. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 10: PENDENT MALICIOUS PROSECUTION

76. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 76 above with the same force and effect as if herein set forth.

77. By their conduct, as described herein, Defendants are liable to Plaintiff for having committed malicious prosecution under the laws of the State of New York.

78. Defendants maliciously commenced criminal proceedings against Plaintiff, charging him with resisting arrest and obstruction of governmental administration. Defendants falsely and without probable cause charged Plaintiff violations of the laws of the State of New York. The resisting arrest charge was dismissed at arraignment but was refiled by the DA and then the charges were dismissed again.

79. The commencement and continuation of the criminal proceedings against Plaintiff was malicious and without probable cause.

80. All charges were terminated in Plaintiff's favor.

81. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant City of Albany, NY State Police and Albany County DA as an employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

82. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 11: RESPONDEAT SUPERIOR

83. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 82 above with the same force and effect as if herein set forth.

84. By their conduct, as described herein, occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as NY State Police and while they were acting as agents and employees of the defendant City of Albany and Albany County DA. Defendant City of Albany is liable to Plaintiff under the common law doctrine of *respondeat superior.*

85. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## COUNT 12: PENDENT INTENTIONAL AND NEGLIGENT INFLICTION OF

## EMOTIONAL DISTRESS

86. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 85 above with the same force and effect as if herein set forth.

87. Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, or by abusing the lawful process with an unlawful purpose, or by violating Plaintiff's constitutional rights, or by falsely arresting and imprisoning the Plaintiff, by conspiring against Plaintiff, or by interfering with Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

88. Defendants conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

89. One objective of this extreme and outrageous course of conduct was to inflict severe mental and emotional distress upon Plaintiff so as to intimidate, terrify, and dissuade him from exposing the vicious assault inflicted upon him, the false arrest and imprisonment, and the unconscionable delay and denial of medical treatment Plaintiff endured.

90. The actions of the Defendants were the cause of Plaintiff distress.

91. Plaintiff is a reasonable man.

92. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

93. As a result of the aforementioned actions of Defendants, Plaintiff suffered pain and suffering, both mental and physical.

94. Further, Defendants all exhibited a general and total disregard of any and all of Plaintiff's rights without regard to the extent of any injury that Plaintiff or any other person might suffer by their wrongful practice of quota system operation for arrest continued by the four officers that arrested Plaintiff.

95. As a direct and proximate result of Defendants' actions as described above, Plaintiff was deprived of his constitutional and civil rights under the color of state law and deprivation of rights protected by state law, causing Plaintiff to suffer and continue to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses.

96. Defendants' conduct was undertaken in utter disregard of Plaintiff's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Plaintiff to recover punitive damages against the appropriate Defendants in an amount to be decided by a jury to deter Defendant(s) from future wrongdoing.

## COUNT 13: PENDENT CLAIM OF ASSAULT AND BATTERY

97. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 96 above with the same force and effect as if herein set forth.

98. By their conduct, as described herein, without the consent of Plaintiff, Defendants intentionally, harmfully, and offensively laid their hand upon Plaintiff and touched him, and by striking and handcuffing him.

99. Defendants are liable to the Plaintiff for battery individually and City of Albany NY State Police and Albany County DA is liable due the actions of its agents, servants and employee under the doctrine of *respondeat superior*.

100. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and Plaintiff has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and Plaintiff will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior to this occurrence all to Plaintiff's great damage.

## COUNT 14: <u>CONSPIRACY</u>

101. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 100 above with the same force and effect as if herein set forth.

102. All the Defendants (a) had an object to be accomplished; (b) had an agreement on the object or course of action; (c) performed one or more unlawful overt acts; and (d) caused Plaintiff damages that were a direct result of those acts.

103. In furtherance of their object, Defendants did two or more overt acts against the plaintiffs. Those unlawful overt acts include, but are not limited to, the following:

    a. The defendants agreed that the object or course of action was to arrest, detain, and confine Zarak Ali without probable cause, and maliciously charge and prosecute him with crimes.

    b. Defendants City of Albany, NY State Police and Albany County DA is liable under the doctrine of *respondeat superior*.

    c. Plaintiff suffered harm and damages that are a direct result of those acts.

104. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and Plaintiff has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and Plaintiff will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior to this occurrence all to Plaintiff's great damage.

## COUNT 14: ABUSE OF PROCESS

105. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 104 above with the same force and effect as if herein set forth.

106. Defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **DOE #1** police officers maliciously used a "legal process 'to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.

107. On March 2, 2013, Defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **DOE #1** police officers filed a complaint and falsely accused Plaintiff for a crime that he did not commit just because there was a quota system that demands a number of people to be arrested. Defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **DOE #1** police officers therefore falsely arrested Plaintiff abusing the process at which quota system was made for.

108. Defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **DOE #1** police officers knew or should have known that the complaint was groundless and he sought to use the process for an ulterior purpose, including, but not limited to, the purpose of protecting their employment and gaining promotion at work.

109. Defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **DOE #1** police officers knew or should have known that the complaint initiated was groundless.

110. Defendants **TPR GREGORY** and **TPR NOTARINO, SGT DOE** and **DOE #1** police officers used the legal process with the ulterior purpose, to wit, for personal financial benefit.

111. Defendants City of Albany is liable under the doctrine of *respondeat superior*.

112. By the reason of the foregoing, Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous attacks and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain and inconvenience and other effects of such injuries; and Plaintiff has incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of such said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time from his usual pursuits, duties and activities; and Plaintiff will be unable to pursue Plaintiff's usual duties with the same degree of efficiency as prior to this occurrence all to Plaintiff's great damage.

113. Defendants **Trooper Gregoire , Notarino and Sergeant John Doe** conspired to deprive Plaintiff Zarak Ali of his NY driving priveleges by falsifying documents that Plaintiff refused to take breathalyzer test when Plaintiff in fact requested to take the breathalyzer test 3 times before arraignment which caused Plaintiff to receive a refusal to take breathalyzer and summarily revocation of his NY driving priveleges.

114. **Troopers Gregoire and Notarino** furthered this conspiracy by appearing before an administrative judge for the refusal hearing and telling the judge that Plaintiff refused to take the breathalyzer when in fact Plaintiff requested to take the breathalyzer 3 times after being released from the hospital and before arraignment which in fact caused the admininstrative judge to summarily revoke Plaintiff's license.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff, ZARAK O. ALI, demands the following relief jointly and severally, against all the defendants:

1. Find and hold under the above stated and described counts #1 through #14 that Defendants have, deprived Plaintiff of his constitutional and civil rights by the actions as alleged in the paragraphs #1 through #112.
2. Order that Plaintiff be awarded Compensatory damages in the amount of $12,000,000.00.
3. Order that Plaintiff be awarded Punitive damages in the amount of $6,000,000.00.
4. Order that Plaintiff be awarded Reasonable Attorney's fees pursuant to 42 U.S.C. 1988
5. Grant such other and further relief as is just and proper under the circumstances of this case.

**WHEREFORE, ZARAK O. ALI** DEMANDS A TRIAL BY JURY

Respectfully submitted this 29th day of February, 2016.

_____

ZARAK O. ALI.
29 Maiden Lane, Apt 401
Albany, NY 12207.
Tel.: (518) 703-2141

I understand that a false statement or answer to any questions in this declaration will subject me to the penalties for perjury. I declare under penalty of perjury that the foregoing is true and correct.

_____

Signed this 29th day of February, 2016.
Albany, New York 12207.