**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ZARAK O. ALI,

                              Plaintiff,

      v.                                                                  No. 1:16-CV-241
                                                                                  (TJM/CFH)
THE CITY OF ALBANY, NY STATE POLICE,
BRIAN D. GREGORIE, DAVID S. NOTARINO,
JOHN DOE,

                              Defendants.

---

**APPEARANCES:**                                    **OF COUNSEL:**

Zarak O. Ali
8 Harrison Ave. #1
Rensselaer, New York 12144
Plaintiff pro se

The Rehfuss Law Firm                                STEPHEN J. REHFUSS, ESQ.
40 British American Blvd.
Latham, New York 12210
Attorneys for the City of Albany

Hon. Eric T. Schneiderman                           C. HARRIS DAGUE, ESQ.
New York State Attorney General
The Capitol
Albany, New York 12224
Attorneys for New York State Police,
Gregiore, Notarino, Doe

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Zarak O. Ali commenced this action by filing a complaint on February 29,

---

[1] This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

2016. Dkt No. 1 ("Compl."). On March 11, 2016, plaintiff filed an amended complaint. Dkt. No. 10 ("Am. Compl."). On April 18, 2016, defendant City of Albany filed an Answer to the amended complaint. Dkt. No. 15. On June 29, 2016, defendants NY State Police, Trooper Brain D. Gregoire, and Trooper David S. Notalino (hereinafter "State defendants") filed an Answer to the Amended Complaint. Dkt. No. 22.

Presently pending before the Court is the State defendants' Motion to Dismiss the Amended Complaint for Lack of Prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 30. For the reasons set forth below, it is recommended that the State defendants' Motion to Dismiss for Lack of Prosecution be granted.

## I. Background

On May 31, 2016, this Court issued a Text Order scheduling an initial conference for July 14, 2016. Dkt. No. 20. A copy of that Text Order was mailed to plaintiff. Id. Plaintiff failed to appear for the initial conference. Text Minute Entry dated July 14, 2016. On July 15, 2016, a Uniform Pretrial Scheduling Order was issued which provided, among other things, that all discovery be completed by March 14, 2017. Dkt. No. 24. A copy of that Order was mailed to plaintiff on July 15, 2016. Id.

On July 15, 2016, the Court issued a notice reminding plaintiff of his obligation to keep the Court apprised of his current address or location. Text Entry dated July 15, 2016. The Court further advised plaintiff that the failure to comply with Court orders and to appear for Court-ordered conferences may result in the dismissal of this matter. Id. A copy of that notice was mailed to plaintiff on July 15, 2016. Id.

On November 15, 2016, the State defendants served discovery demands on plaintiff, including interrogatories, document demands, and notices to admit. Dkt. No. 30-1 at 2. Plaintiff has failed to provide responses to any of those demands. Id.

On January 31, 2017, the State defendants filed a letter advising the Court that they had not received responses to any of their outstanding discovery demands. Dkt. No. 26. On February 8, 2017, the Court issued a Text Order scheduling an in-person discovery conference for February 23, 2017. Dkt. No. 28. The Order advised plaintiff that the failure to attend Court conferences or comply with Court orders will result in dismissal of this case. Id. A copy of that Text Order was served on plaintiff by regular mail. Id. Plaintiff failed to appear for the February 23, 2017 status conference. Text Minute Entry dated February 23, 2017. During that conference, the State defendants advised the Court that plaintiff may recently have been incarcerated in the Rensselaer County jail. Id. The Court noted that none of the mail previously sent to plaintiff was returned as undeliverable. Id.

On February 28, 2017, the Court issued a Text Order scheduling another in-person conference for March 22, 2017. Dkt No. 28. The Court again advised plaintiff that the failure to comply with Court orders or to attend Court conferences will result in dismissal of his case. Id. The Text Order was served on plaintiff by regular mail. Id. The notice sent to plaintiff was not returned by the post office as undeliverable.

Plaintiff failed to appear for the March 22, 2017 conference. On that date, the Court issued a Text Order setting a briefing schedule for the State defendants' motion to dismiss. Dkt. No. 29. The Court set the same briefing schedule for any motion to dismiss to be filed by defendant City of Albany. Id. Defendants were directed to file any dispositive motions by April 10, 2017. Id. A response to such motions was due by April 26, 2017, with any

reply to the response to be filed by May 1, 2017. Id. The Court again reminded plaintiff that failure to appear for Court conferences or to comply with the Court's orders will result in the dismissal of this case. Id.

On April 10, 2017, the State defendants' filed a motion to dismiss the amended complaint pursuant to Fed. R. Civ. P. 41(b). See Dkt. No. 30. That motion was served on plaintiff by regular mail. Id. Plaintiff has not filed a response to that motion. Also on April 10, defendant City of Albany filed a Motion to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. Rule 41(b). Dkt No. 31. Plaintiff has also not filed a response to that motion.[2]

## II. Discussion

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . . ." See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Bapiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). Since a Rule 41(b) dismissal "is a harsh remedy. . . [it] is appropriate only in extreme situations." A determination whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by for the delay in the preceding,
> (4) a balancing of the court's interest in managing its docket to with the plaintiff's interest in receiving a fair chance to be heard, and

---

[2] The Court will address that motion in a separate Report- Recommendation and Order if needed.

> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)) (additional citation omitted).

As indicated, a review of the procedural history in this case shows that the complaint was filed on February 29, 2016. See Compl. On July 15, 2016, this Court issued a Uniform Pretrial Scheduling Order which required, among other things, that discovery be completed by March 14, 2017. Dkt. No. 24. As a result of plaintiff's abandonment of this action, over 18 months have elapsed since this case has been commenced, yet no discovery has been completed. Plaintiff has continually failed to appear for conferences with the Court, including the initial conference which was conducted on July 14, 2016. Text Entry dated July 14, 2016. Following that conference, the Court issued a Text Notice advising plaintiff that his failure to abide by Court orders and to attend Court conferences may result in the dismissal of this action. Text Entry dated July 15, 2016. On February 8, 2017, the Court issued a Text Order scheduling a status conference and advising plaintiff that failure to appear for Court ordered conferences and comply with court orders can result in the dismissal of his case. Dkt No. 27. On February 28, 2017, the Court issued another Text Order which, among other things, advised plaintiff that failure to appear for Court ordered conferences will result in the dismissal of this case. Dkt No. 28. On March 22, 2017, the Court issued yet another Text Order which advised plaintiff that failure to appear for Court conferences and to comply with Court orders will result in dismissal of this case. Dkt No. 29. In view of the foregoing, plaintiff was clearly on notice that the failure to comply with court orders or appear for court conferences will result in dismissal of his case. He was

repeatedly warned of the consequences of his failure to litigate this matter. As none of the notices have been returned as "undeliverable," there is no indication that plaintiff has not received such notices. Further, plaintiff was duly informed of his duty to provide the Court with any change of address, which he has not done.

As a result of plaintiff's ongoing refusal to engage in discovery, the State defendants have been prejudiced. Lucas, 84 F.3d at 535. The State defendants have been unable to obtain responses to interrogatories, requests for production of documents, and notices to admit. Dkt No. 31-1 at 2. They have also been unable to depose plaintiff. As a result of plaintiff's complete refusal to participate in discovery and to abide by Court orders, defendants have been denied access to information needed to prepare a proper defense in this matter. Shannon v. Gen. Elec. Co., 186 F. 3d 186, 195 (2d Cir.1999). Plaintiff's failure to participate in discovery in this matter has also significantly delayed the resolution of this matter, thereby contributing to the congestion of this Court's docket.

The final consideration in determining whether to grant a motion to dismiss for failure to prosecute is an assessment of whether there is a sanction less drastic than dismissal. Lucas, 84 F.3d at 535. Mindful of the principles of law set forth above, the undersigned determines that the dismissal of plaintiff's complaint is the appropriate result in this matter. Plaintiff has continually refused to to participate in discovery in this matter and to attend court-ordered conferences, despite being provided many chances and given several warnings of the potential consequences. Given plaintiff's apparent abandonment of this action and his complete and ongoing refusal to comply with this courts orders, the undersigned finds that the imposition of a lesser sanction would have no effect on plaintiff.

### III. Conclusion

WHEREFORE, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the State defendants' Motion to Dismiss for Failure to Prosecute (Dkt. No. 30) be **GRANTED**; and that the case be DISMISSED in its entirety with prejudice; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). FAILURE TO OBJECT TO THIS REPORT WITHIN **FOURTEEN** (14) DAYS WILL PRECLUDE APPELLATE REVIEW. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: September 18, 2017
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge