**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ZARAK O. ALI,

                      Plaintiff,

     v.                                      No. 1:16-CV-241 (TJM/CFH)

THE CITY OF ALBANY, NY STATE POLICE,
BRIAN D. GREGORIE, DAVID S. NOTARINO,
JOHN DOE,

                      Defendants.

---

**APPEARANCES:**                             **OF COUNSEL:**

Zarak O. Ali
8 Harrison Ave. #1
Rensselaer, New York 12144
Plaintiff pro se

The Rehfuss Law Firm                      STEPHEN J. REHFUSS, ESQ.
40 British American Blvd.
Latham, New York 12210
Attorneys for the City of Albany

Hon. Eric T. Schneiderman               C. HARRIS DAGUE, ESQ.
New York State Attorney General
The Capitol
Albany, New York 12224
Attorneys for New York State Police,
Gregiore, Notarino, Doe

**REPORT-RECOMMENDATION AND ORDER**[1]

Plaintiff commenced this action by filing a complaint on February 29, 2016. Dkt. No. 1 ("Compl."). On March 11, 2016, plaintiff filed an amended complaint. Dkt. No. 10 ("Am.

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

Compl."). On April 18, 2016, defendant City of Albany filed an answer to the amended complaint. Dkt. No. 15. On June 29, 2016, defendants New York State Police, Trooper Brian D. Gregoire, Trooper David S. Notarino ( hereinafter "State defendants") filed an answer to the amended complaint. Dkt. No. 22.

On April 10, 2017, the State defendants filed a Motion to Dismiss the amended complaint for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 30. On September 18, 2017, the undersigned issued a Report-Recommendation and Order which recommended that the State defendants' motion to dismiss for lack of prosecution be granted. Dkt. No. 35. Plaintiff has not filed objections to the Report-Recommendation and Order.[2]

Presently pending before the Court is defendant City of Albany's Motion to Dismiss the amended complaint for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). Dkt. No. 31. For the reasons set forth below, is recommended that the defendant City of Albany's Motion to Dismiss be granted insofar as it requests that the action be dismissed in its entirety with prejudice. It is further recommended that the City of Albany's Motion, insofar as it requests monetary sanctions, be denied.

## I. Procedural Background

On May 31, 2016, this Court issued a text order scheduling an initial conference for July 14, 2016. Dkt. No. 20. A copy of that text order was mailed to plaintiff. Id. The text order was not returned to the Court as undeliverable. Plaintiff failed to appear for the initial

---

[2] The September 18, 2017 Report-Recommendation and Order is currently before the assigned District Judge for review.

conference. See Text minute entry dated July 14, 2016. On July 15, 2016, a Uniform Pretrial Scheduling Order was issued which provided, among other things, that all discovery be completed by March 14, 2017. Dkt. No. 24. A copy of that Order was mailed to plaintiff on July 15, 2016. Id. This Order was not returned to the Court as undeliverable.

On July 15, 2016, the Court issued a notice reminding plaintiff of his obligation to keep the Court apprised of his current address. Dkt. No. 25. The Court further advised plaintiff that the failure to comply with Court orders and to appear for Court-ordered conferences may result in dismissal of this matter. Id. A copy of that notice was mailed to plaintiff on July 15, 2016. Id. This notice was not returned to the Court as undeliverable.

On September 30, 2016, defendant City of Albany served written discovery demands on plaintiff, including interrogatories, document requests, and a notice of deposition. Dkt. No. 31-2 at 3. Plaintiff has failed to respond to any of the discovery demands and to appear for a deposition. Id. at 4. On February 1, 2017, defendant City of Albany mailed a letter to plaintiff requesting a response to the outstanding discovery demands. Id. Plaintiff did not respond to that correspondence. Id.

On February 8, 2017, the Court issued a text order scheduling an in-person discovery conference for February 23, 2017. Dkt. No. 27. The text order again advised plaintiff that the failure to attend Court conferences or comply with Court orders will result in dismissal of this case. Id. A copy of the text order was served on plaintiff by regular mail. Id. That text order was not returned to the Court.

Plaintiff failed to appear for the February 23, 2017 status conference. Text Minute Entry dated Feb. 23, 2017. During that conference, the Court noted that none of the mail previously sent to plaintiff was returned as undeliverable. Id. On February 28, 2017, the

Court issued a text order scheduling another in-person conference for March 22, 2017. Dkt. No. 28. The Court again advised plaintiff that the failure to comply with court orders or to attend court conferences will result in dismissal of this case. Id. The text order was served on plaintiff by regular mail. Id. The notice was not returned by the post office as undeliverable.

Plaintiff failed to appear for the March 22, 2017 conference. Text Minute Entry dated March 22, 2017. On that date, the Court issued a text order setting a briefing schedule for any Motion to Dismiss to be filed by defendant City of Albany. Dkt. No. 29. Defendant City of Albany was directed to file any dispositive motion by April 10, 2017. Id. Any response to that motion was due by April 26, 2017, with any reply to be filed by May 1, 2017. Id. The Court again reminded plaintiff in the text order that his failure to appear for Court conferences or to comply with the Court's orders could result in the dismissal of this case. Id. On April 10, 2017, defendant City of Albany filed the aforementioned Motion to Dismiss the amended complaint pursuant to Fed. R. Civ. 41(b). Dkt. No. 31. Plaintiff has not filed a response.

## II. Discussion

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . . ." Link v. Wabash R.R. Co., 370 U.S. 626, 629(1962); Bapiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). Since a Rule 41(b) dismissal "is a harsh remedy. . . [it] is appropriate only in extreme situations." A determination whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by for the delay in the preceding,
> (4) a balancing of the court's interest in managing its docket to with the plaintiff's interest in receiving a fair chance to be heard, and
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)) (additional citation omitted).

As indicated above, the complaint was filed on February 29, 2016. See Compl. On July 15, 2016, this Court issued a Uniform Pretrial Scheduling Order which required, among other things, that discovery be completed by March 14, 2017. Dkt. No. 24. As a result of plaintiff's abandonment of this action, 20 months have passed since this case has been commenced, but discovery has been completed. Plaintiff has continually failed to appear for conferences with the Court, including the initial conference of July 14, 2016. Text Entry dated July 14, 2016. Following that conference, the Court issued a Text Notice advising plaintiff that his failure to abide by court orders and to attend court conferences may result in the dismissal of this action. Text Entry dated July 15, 2016. On February 8, 2017, the Court issued a text order scheduling a status conference and advising plaintiff that failure to appear for Court ordered conferences and comply with Court orders could result in the dismissal of his case. Dkt No. 27. On February 28, 2017, the Court issued another text order which advised plaintiff that failure to appear for Court ordered conferences will result in the dismissal of this case. Dkt No. 28. On March 22, 2017, the Court issued yet another text order which advised plaintiff that failure to appear for court conferences and to comply

with court orders will result in dismissal of this case. Dkt No. 29. Plaintiff did not reply to the State defendants' Motion to Dismiss, despite being given notice of his duty to respond. Dkt. Nos. 30, 34. Plaintiff did not file objections to the Report-Recommendation and Order recommending that the Court grant the State defendants' Motion to Dismiss.

In view of the foregoing, the record demonstrates that plaintiff was on notice that the failure to comply with Court orders or appear for Court conferences would result in dismissal of his case. He was repeatedly and clearly warned of the consequences of his failure to litigate this matter. As none of the notices have been returned as "undeliverable," there is no indication that plaintiff has not received such notices. Further, plaintiff was duly informed of his duty to provide the Court with any change of address, which he has not done since filing a change of address on June 15, 2016. Dkt. No. 21.

As a result of plaintiff's ongoing refusal to engage in discovery, defendant City of Albany has been prejudiced. Despite serving discovery demands on plaintiff, the City has received no responses. Although noticing plaintiff for deposition, plaintiff failed to attend his deposition. Due to his non-participation and non-attendance, defendant City of Albany has accrued financial costs. As a result of plaintiff's complete refusal to participate in discovery and to abide by court orders, defendants have been denied access to information needed to prepare a proper defense in this matter. Shannon v. Gen. Elec. Co., 186 F. 3d 186, 195 (2d Cir.1999). Plaintiff's failure to participate in discovery in this matter has also significantly delayed the resolution of this matter, further contributing to the congestion of this Court's docket.

The final consideration in determining whether to grant a motion to dismiss for failure to prosecute is an assessment of whether there is a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535. Mindful of the principles of law set forth herein, the undersigned determines that the dismissal of plaintiff's complaint is the appropriate result in this matter. Plaintiff has continually refused to participate in discovery in this matter and to attend court-ordered conferences, despite being provided many chances and given several warnings of the potential consequences. Given plaintiff's abandonment of this action and his complete and ongoing refusal to comply with this Court's orders, despite this Court's clear warnings, the Court finds that the imposition of any lesser sanction would not motivate plaintiff to participate in this litigation.

Defendant City of Albany has requested sanctions in the form of attorneys fees and expenses it incurred in making its motion. Dkt. No. 31-1 at 8. In light of plaintiff's pro se status, it is recommended that the request for sanctions be denied.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the City of Albany's Motion to Dismiss for Failure to Prosecute (Dkt. No. 31) be **granted in part and denied in part:**

**(1) GRANTED,** insofar as the case be **DISMISSED** in its entirety with prejudice; and

**(2) DENIED**, insofar as it requests sanctions of attorneys fees and costs; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen

(14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  FAILURE TO OBJECT TO THIS REPORT WITHIN **FOURTEEN** (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: October 16, 2017
Albany, New York

*/s/ Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge